**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2912-24

DAVID VAN SKIVER,

      Petitioner-Respondent,

v.

ALESSANDRA
MISCELLANEOUS METAL
WORKS, INCORPORTED,

      Respondent-Appellant.

_____

        Submitted April 15, 2026 – Decided June 18, 2026

        Before Judges Paganelli and Jacobs.

        On appeal from the Division of Workers' Compensation, Department of Labor and Workforce Development, Claim Petition No. 2022-24247.

        Maria Guerra (Law Office of Jennifer L. Dryer), attorney for appellant.

        Laddey Clark & Ryan, LLP, attorneys for respondent (Timothy E. Dinan, on the brief).

PER CURIAM

Respondent-employer Alessandra Miscellaneous Metalworks, Inc., appeals a Division of Workers' Compensation order imposing monetary sanctions for failure to comply with a prior court order to timely pay settlement proceeds to petitioner-employee David Van Skiver.  We affirm.

I.

On February 14, 2019, petitioner suffered injuries from a workplace accident.  On December 4, 2024, Workers' Compensation Judge Glenn Kaplan entered an Order Approving Settlement in the sum of $24,381 for permanent disability in favor of petitioner.  On December 9, petitioner's counsel emailed the order to respondent's counsel.  The next day, respondent's counsel requested information regarding a child-support lien.  Petitioner's counsel promptly provided the information.

When no payment was received in response to the lien information, petitioner's counsel sent follow-up emails to respondent's counsel on January 14 and January 16, 2025.  No reply was received.  On Friday, January 31, petitioner's counsel advised respondent's counsel that the sixty-day statutory period for payment would expire on February 2, and requested the check be sent by overnight delivery to avoid penalties.

On Monday, February 3, petitioner still had not received payment. Petitioner's counsel again requested that payment be sent by overnight delivery. On the afternoon of February 3, Michael Forward, a Liberty Mutual claims adjuster, responded by email stating, "I have the checks that I could release out earlier today." Petitioner's counsel asked for confirmation the checks had been mailed but received no response.

On February 4, when neither confirmation of mailing nor delivery of the check followed, petitioner's counsel filed a motion, with an accompanying certification, to compel respondent to comply with the December 4 order. On February 5, petitioner's counsel filed an application for review or modification of formal award, certifying that respondent had failed to timely issue the permanency benefits payment. Petitioner received his first permanency check on February 6, 2025.

On April 9, 2025, Judge Kaplan issued an Order for Compliance, finding respondent had failed to comply with the December 4 order and awarding interest and sanctions in the sum of $5,028.18, or twenty-five percent of the original payment due, plus attorney's fees ($1,523.75) and costs ($750). Respondent moved for reconsideration.

A-2912-24

On May 5, Judge Kaplan presided over a testimonial hearing on the motion for reconsideration. Respondent called Margaret Hudreck, a claims manager for Liberty Mutual, who testified she had issued the permanency check for petitioner on January 31, 2025, and that because "the print cycle starts at 10:30 p.m. that night, then the check is released early the next morning with a date postmarked the following day." When asked by petitioner's counsel whether she had "been able to verify that the check was mailed and postmarked the next day, which would be February 1, 2025[,]" she responded, "I have no way of verifying postmark dates." On cross-examination, Hudreck acknowledged she had no proof the check was actually mailed before February 2, stating, "I only have what our protocol is." She also acknowledged she did not have a copy of the envelope containing the subject payment and had "no way of obtaining" it.

Based on this testimony and the email from Forward, the judge rendered an oral decision finding respondent had released the check on February 3, sixty-one days after entry of the December 4 order. He thus denied respondent's reconsideration motion and pronounced the April 9 Order of Compliance awarding sanctions and interest "back in effect."

4

On appeal respondent argues payment was timely as it was issued on day fifty-eight.

## II.

"[T]he scope of [our] review of factual findings by a judge of compensation is limited." Renner v. AT&T, 218 N.J. 435, 448 (2014). We "will not reverse the ultimate determination of an agency unless [we] conclude[] that it was 'arbitrary, capricious, or unreasonable, or that it lacked fair support in the evidence, or that it violated legislative policies' expressed or implied in the act governing the agency." In re Freshwater Wetlands Gen. Permit No. 16, 379 N.J. Super. 331, 341 (App. Div. 2005) (quoting Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963)); see also Ripp v. Cnty. of Hudson, 472 N.J. Super. 600, 606, 608-09 (App. Div. 2022).

N.J.S.A. 34:15-28 provides:

> Whenever lawful compensation shall have been withheld from an injured employee or dependents for a term of 60 or more days following entry of a judgment or order, simple interest on each weekly payment for the period of delay of each payment may, at the discretion of the division, be added to the amount due at the time of settlement. . . .

N.J.S.A. 34:15-28.2 authorizes judges to order proper compensation:

> If any employer, insurer, claimant, or counsel to the employer, insurer, or claimant, or other party to a claim

5

for compensation, fails to comply with any order of a judge of compensation or with the requirements of any statute or regulation regarding workers' compensation, a judge of compensation may, in addition to any other remedies provided by law:

> a. Impose costs, simple interest on any moneys due, an additional assessment not to exceed 25% of moneys due for unreasonable payment delay, and reasonable legal fees, to enforce the order, statute or regulation;

> b. Impose additional fines and other penalties on parties or counsel in an amount not exceeding $5,000 for unreasonable delay, with the proceeds of the penalties paid into the Second Injury Fund;

> . . . .

> f. Take other actions deemed appropriate by the judge of compensation with respect to the claim.

"In the first instance, N.J.S.A. 34:15-28.2(a) justifies imposition of a penalty, regardless of its amount, only to 'enforce the order' of the J[udge of Worker's Compensation], and only if there is an 'unreasonable payment delay' of the 'moneys due.'" Ripp, 472 N.J. Super. at 609. "N.J.S.A. 34:15-28.2(a) limits imposition of a penalty to situations justifying the court's enforcement of its order . . . if there is an 'unreasonable payment delay.'" Ibid.

6

A judge's decision to impose a penalty is reviewed for abuse of discretion. See id. at 610.

Based on our review of the record, we are satisfied substantial credible evidence supports the judge's finding that the check was issued beyond the statutory deadline. The unexplained delay, lack of communication, and failure to provide confirmation of mailing all weigh in favor of the judge's determination the delay was unreasonable. We conclude the judge did not abuse his discretion in imposing a monetary penalty against respondent, as authorized by N.J.S.A. 34:15-28.

We add that the sixty-day deadline does not mandate a financial penalty be imposed. N.J.S.A. 34:15-28 is a permissive statute, outlining that "[w]henever lawful compensation . . . [is] withheld . . . for a term of 60 or more days following entry of a judgment or order, simple interest on each weekly payment . . . may . . . be added." (Emphasis added).

Here, the judge acted within his discretion pursuant to N.J.S.A. 34:15-28.2, which authorizes a judge to impose penalties against a party who "fails to comply with any order of a judge." It is sufficient that the judge found there was an unreasonable delay in payment—in this case, of sixty-one days—due to respondent's failure to comply with the December 4 order. See Ripp, 472 N.J.

Super. at 609. Thus, the judge was authorized to impose a sanction in his reasonable discretion. Further, the sanction was not excessive because it amounted to twenty-five percent of the sum respondent owed petitioner, as expressly authorized by N.J.S.A. 34:15-28.2(a).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division